Filed 11/10/25  P. v. Johnson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LARRY ANTHONY JOHNSON,<br><br>Defendant and Appellant. | F089157<br><br>(Super. Ct. No. PCF409536)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from an order of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Allan E. Junker, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Levy, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

In November 2021, defendant Larry Anthony Johnson pleaded no contest to voluntary manslaughter (Pen. Code, § 192, subd. (a)) and admitted a strike prior allegation, a prior serious felony conviction enhancement (§ 667, subd. (a)), and an enhancement for personal use of a deadly weapon (§ 12022, subd. (b)) for a negotiated upper term sentence of 11 years doubled to 22 years plus five years for the prior serious felony enhancement and one year for the weapon enhancement. (Undesignated statutory references are to the Penal Code.) At sentencing in March 2022, the court stated it was adopting the findings of the probation department on the mitigating and aggravating facts and did not "make a decision whether it's true or not true." It then imposed the stipulated sentence.

In November 2024, defendant filed a "Request for Recall and Resentencing" pursuant to Assembly Bill No. 600 (2023–2024 Reg. Sess.) (Assembly Bill No. 600) and section 1172.1 in propria persona. He asserted there were mitigating circumstances cited in the probation report but he was given the upper term. He also asserted his priors were over 20 years old. The court signed a memorandum and order stating, "Plea was based on agreement to reduced charges and sentence was stipulated by all parties. Request denied."

Defendant appeals the denial of his request for resentencing pursuant to section 1172.1. He asserts the order is appealable and the court erred in denying his request because sentencing was not in accord with section 1170, subdivision (b)(2) as amended by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill No. 567) or section 1385 as amended by Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill No. 81). The People argue the appeal must be dismissed because the court's order is not appealable.

We conclude the order appealed from is not an appealable order and, accordingly, dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2021, defendant was charged with murder (§ 187, subd. (a); count 1). As to count 1, it was alleged defendant used a deadly weapon (a knife) (§ 12022, subd. (b)(1)) and that he had suffered three strike prior convictions (§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)), three prior serious felony convictions (§ 667, subd. (a)(1)), was ineligible for probation (§ 1203, subd. (e)(2)) and was convicted of multiple felonies within the meaning of section 1203, subdivision (e)(4).

In November 2021, the information was amended to charge defendant with voluntary manslaughter (§ 192, subd. (a)) in count 1, and defendant pleaded no contest to the amended charge. He also admitted the use of a deadly weapon enhancement (§ 12022, subd. (b)(1)) as well as one strike prior allegation, one prior serious felony conviction allegation (§ 667, subd. (a)(1)), and that he was convicted of multiple felonies within the meaning of section 1203, subdivision (e)(4).

Pursuant to the plea, in March 2022, the court sentenced defendant to a 28-year stipulated term composed of the upper term of 11 years for the manslaughter charge doubled to 22 years based on the strike prior, plus five years for the prior serious felony enhancement, and one year for the deadly weapon enhancement. Defendant was also ordered to pay a restitution fine in the amount of $5,000 pursuant to section 1203.4, a parole revocation restitution fine in the amount of $5,000 pursuant to section 1202.45, the amount to be suspended pending successful completion of parole, and $7,500 in restitution pursuant to section 1202.4, subdivision (f), which was later amended to $7,950.

At the sentencing hearing, the prosecutor asked the court to strike the mitigating circumstance listed in the probation report that stated pursuant to California Rule of Court, rule 4.423(a)(2), the victim was the initiator or provoker of the incident as the victim followed defendant before being stabbed. Defense counsel objected to the striking of this statement, asserting the evidence supported such a finding. In addressing the

victim's family, the court noted "this matter was settled with an agreed-to term. The agreed-to term is 28 years. I cannot vary upward, and I cannot vary downward on that term. That was the term that was agreed." The court further explained it "was not privy to any evidentiary hearing concerning what actually happened." The court then stated, "The probation officer reviewed everything in the file. The probation officer noted what he felt was the mitigating factors and aggravating factors. I understand the People dispute the mitigating factor. I understand the defense disputes the People's position. [¶] I'm not here to determine the facts of this case. I can't change that. Your objections are noted for the record, but at this point in time I need to adopt the findings of the probation department, both on . . . mitigating and aggravating factors. I do not make a decision whether it's true or not true."

On November 20, 2024, defendant submitted a "Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1," asserting he was eligible for consideration of a new sentence because the following laws applied at the time of his sentencing and had changed: section 1385 (amended in 2022 by Sen. Bill No. 81), section 667, subdivision (a)(1) (amended in 2019 by Sen. Bill No. 1393 (2017–2018 Reg. Sess.) (Senate Bill No. 1393)) and sections 1170 and 1170.1 (amended in 2022 by Sen. Bill No. 567). He asserted there were mitigating circumstances in the probation report yet he "was given the aggravated upper term." He also stated his priors were over 20 years old and that his mental health was a contributing factor and that he had been taking rehabilitative steps. He asked the court to strike his priors and impose the lower or middle term for the voluntary manslaughter conviction in the interest of justice.

That same day, on November 20, 2024, the court issued a "Criminal Correspondence—Memorandum and Order" on defendant's request for recall and resentencing pursuant to Assembly Bill No. 600 and section 1172.1 that was signed by

4.

the judge. It states, "Plea was based on agreement to reduced charges and sentence was stipulated by all parties[.] Request denied[.]"

## DISCUSSION

Defendant appeals from the court's denial of his request for recall of sentence and resentencing pursuant to Assembly Bill No. 600 and section 1172.1. He contends the court's order affects his substantial rights and, thus, is appealable. However, we conclude the order appealed from is not appealable; thus, the appeal must be dismissed.

### I. Applicable Law

Where, as here, execution of sentence has commenced and the judgment is final, the trial court is generally "deprived of jurisdiction to resentence" a criminal defendant. (*People v. Karaman* (1992) 4 Cal.4th 335, 344, citing *Dix v. Superior Court* (1991) 53 Cal.3d 442, 455; accord, *People v. Hernandez* (2019) 34 Cal.App.5th 323, 326.) To obtain resentencing on a final judgment, a defendant generally must file a petition for writ of habeas corpus (see *People v. Picklesimer* (2010) 48 Cal.4th 330, 339) or proceed by way of a special statutory procedure (e.g., §§ 1170.18, 1170.91, 1172.1, 1172.2, 1172.6, 1172.7, 1172.75). (*People v. Hernandez* (2024) 103 Cal.App.5th 1111, 1118.)

Section 1172.1 (former § 1170, subd. (d)) provides an exception to the general rule that a trial court loses jurisdiction once execution of sentence has begun by authorizing a recall and resentencing procedure that may be invoked when, for example, the Secretary of the Department of Corrections and Rehabilitation recommends resentencing. (§ 1172.1, subd. (a)(1); *People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) Assembly Bill No. 600 amended section 1172.1 to allow a court to now resentence a defendant "on its own motion" when "applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) Accordingly, effective January 1, 2024, section 1172.1, subdivision (a)(1) provides the court may, "*on its own motion*, . . . *at any time if*

*the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law*, . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (Italics added.)

Section 1172.1, subdivision (c) expressly states, "A defendant is not entitled to file a petition seeking relief from the court under this section." Additionally: "If a defendant requests consideration for relief under this section, the court is not required to respond." (*Ibid.*)

## II.    Analysis

Defendant argues the order denying his request for resentencing pursuant to section 1172.1 is appealable because the court had jurisdiction to consider the request and denied it, not for jurisdictional reasons, but "for analytical reasons related to the nature and content" of defendant's plea. Defendant contends the order affects his substantial rights because the court "had at least two valid reasons to resentence [him] but neglected to engage in a studied analysis of either justification." He asserts sentencing was not in accord with section 1170, subdivision (b)(2) as amended by Senate Bill No. 567. He also contends the prior serious felony enhancement must be stricken because it violates section 1385 as amended by Senate Bill No. 81 because it resulted in a sentence of over 20 years and was based on a prior conviction that was over five years old. Accordingly, he argues the matter should be remanded for the court to "consider the permissible sentencing factors mandated by Senate Bill Nos. 81 and 567." The People respond the appeal must be dismissed because the order appealed from does not affect defendant's substantial rights and is not otherwise appealable. Alternatively, they contend the trial court did not have jurisdiction to resentence defendant under section 1172.1 as amended by Assembly Bill No. 600 because there were no changes in the statutory authority or

6.

case law that applied at the sentencing hearing, noting Senate Bill Nos. 567, 1393, and 81 were in effect when defendant was sentenced.[1] We agree with the People and conclude the appeal must be dismissed because the order appealed from is not appealable.

" ' "It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute." [Citations.]' " (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 598.) Section 1172.1 does not address whether a trial court's denial of a defendant's request for recall and resentencing under the statute is appealable. However, section 1237, subdivision (b) "provides that a defendant may appeal from 'any order made after judgment, affecting the substantial rights of the party.' " (*Teal*, *supra*, at p. 598.)

But, here, we cannot conclude the court's order denying defendant's request that it initiate recall and resentencing proceedings on its own motion affects defendant's substantial rights such that it constitutes an appealable order. Section 1172.1, subdivision (c) expressly provides that the trial court may choose not to respond to a defendant's invitation for the court to initiate recall and resentencing proceedings on its own motion pursuant to section 1172.1, subdivision (a) as amended by Assembly Bill No. 600. (§ 1172.1, subd. (c).) By stating a court may decline to respond to a defendant's request

---

[1]Though defendant does not raise it, the People further note "[n]ewly enacted section 1171 does not alter the analysis." Effective January 1, 2025, Assembly Bill No. 2483 (2023–2024 Reg. Sess.) enacted section 1171, which sets forth various procedures under subdivision (c) that apply to all postconviction proceedings to modify a sentence or conviction under ameliorative statutes, including section 1172.1. (§ 1171, subds. (a), (c); Assem. Bill No. 2483 (2023–2024 Reg. Sess.) § 2; Stats. 2024, ch. 964, § 2.) Section 1171 provides that, upon receiving "a request to begin a postconviction proceeding *that is authorized in law*," the court shall consider appointment of counsel for the defendant. (§ 1171, subd. (c)(1), italics added.) It also requires a court to "state on the record the reasons for its decision to grant or deny the initial request to begin a postconviction proceeding" and provide notice of that decision. (*Id.*, subd. (c)(4).) And, "[a]fter ruling on a request, the court shall advise the defendant of their right to appeal and the necessary steps and time for taking an appeal." (*Id.*, subd. (c)(5).) Notably, section 1171 expressly states that the procedures set forth in subdivision (c) do not apply where "there is a conflict with a more specific rule established in statute, in which case the more specific statute shall apply." (§ 1171, subd. (c).)

for relief under the statute, the language of section 1172.1, subdivision (c) establishes there is no affirmative obligation on a trial court to consider a defendant's request for relief or initiate recall and resentencing proceedings in response thereto. And, if a court has no duty to respond to—let alone grant—a defendant's request for relief, it follows that a defendant has no *right* to the initiation of recall and resentencing proceedings. Thus, where, as here, the court issues an order denying such relief, it cannot be said to affect the defendant's substantial rights as would be required for such a postjudgment order to be appealable. (§ 1237, subd. (b).) That is, the statutory language of section 1172.1 provides a basis as to why a defendant should be precluded from raising the court's alleged erroneous failure to initiate recall and resentencing proceedings on appeal. (Cf. *People v. Loper* (2015) 60 Cal.4th 1155, 1167; *People v. Carmony* (2004) 33 Cal.4th 367, 376.)

Because defendant has no right to relief (i.e., defendant has no right to the court's initiation of recall and resentencing proceedings on its own motion pursuant to § 1172.1), an order denying such relief cannot be said to affect defendant's substantial rights. (See *People v. Brinson* (2025) 112 Cal.App.5th 1040, 1049 ["a defendant who requests recall and resentencing under section 1172.1 . . . does not have a substantial right at stake, and the trial court's decision on that request is not appealable"].) Accordingly, we conclude the order appealed from is not appealable, and the appeal must be dismissed.[2]

---

[2]Of note, "[i]f no applicable laws have changed, the court may not act on its own motion." (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 697.) And here, "in fact, the trial court may have lacked jurisdiction to act on its own motion." (*Ibid*.) Defendant was convicted and sentenced pursuant to the negotiated plea agreement in March 2022. Senate Bill No. 81, which amended section 1385, and Senate Bill No. 567, which amended section 1170, both became effective January 1, 2022. (See Stats. 2021, ch. 721, § 1; Stats. 2021, ch. 731, § 1.) Thus, these changes in the law, which defendant cites as a basis for relief under section 1172.1, were in effect when defendant was sentenced in this case. Consequently, it cannot be said that they constitute subsequent changes in the applicable sentencing laws from the time of original sentencing. (See § 1172.1, subd. (a)(1).)

## **DISPOSITION**

The appeal is dismissed.